**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TYLER JONES, DION L. SMITH,
TANYA RICHARDS, NEAL RUSSO,
ELYCE LEVIN, DEVON HOSEY, and
TALISHA HILL,

  *Plaintiffs*,

v.

COGENT COMMUNICATIONS, INC.,

  *Defendant*.

Civil Action No. 1:14-cv-00675-GMH

**JOINT MOTION TO APPROVE SETTLEMENTS AND STIPULATION FOR
DISMISSAL OF PLAINTIFFS WITH PREJUDICE**

  Plaintiffs Tyler Jones, Dion L. Smith, Tanya Richards, Neal Russo, Elyce Levin, Devon Hosey, Talisha Hill, and Alexandra Granruth (collectively, "Plaintiffs") and Defendant Cogent Communications, Inc. ("Defendant") (collectively, the "Parties") hereby file this Joint Motion to Approve Settlements and Stipulation for Dismissal of Plaintiffs With Prejudice ("Motion and Stipulation for Dismissal"). The Parties state the following in support of this Motion and Stipulation for Dismissal:

**I. STATEMENT OF FACTS**

  1. On April 22, 2014, Plaintiffs[1] filed the instant action against Defendant alleging a failure to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA"). *See* Dkt. # 1.

---

[1] Tyler Jones, Dion L. Smith, Tanya Richards, Neal Russo, Elyce Levin, Devon Hosey, and Talisha Hill are the original named plaintiffs in this case. Alexandra Granruth was added as a plaintiff on May 18, 2015. *See* Dkt. # 26.

2.      Plaintiffs, who worked for Defendant in sales positions of Regional Account Manager and Global Account Manager, claim that Defendant improperly classified them as exempt employees under the FLSA and DCMWA.  *See* Dkt. # 26.  Plaintiffs claim that they routinely worked more than forty (40) hours each workweek and, thus, are entitled to recover unpaid overtime compensation from Defendant at the rate of one-and-one half times their regular rates of pay.  *Id.*

3.      Defendant has at all times denied Plaintiffs' claims in this lawsuit and maintains that Plaintiffs were properly classified as exempt and paid all wages owed to them under the FLSA and DCMWA.  *See* Dkt. # 13.  Defendant further claims that even if overtime compensation is due to Plaintiffs (which Defendant denies), the amounts claimed by Plaintiffs are drastically overstated and do not accurately reflect the number of hours actually worked by Plaintiffs during their employment with Defendant.

4.      The Parties have engaged in extensive written and deposition discovery on Plaintiffs' claims and Defendant's defenses, including the depositions of all Plaintiffs (except for newly added Plaintiff Granruth) and a corporate representative of Defendant.  Based on the discovery conducted, the Parties recognize and agree that *bona fide* disputes exist regarding Plaintiffs' claims for unpaid overtime.

5.      After the completion of discovery, the Parties began settlement discussions.  The Parties engaged in these settlement discussions over a period of a few months and were able to reach an arm's length settlement agreed to by each Plaintiff and Defendant in May 2015.  At all times throughout the settlement negotiation process, the Parties were represented by counsel.

6.      The Parties now submit to this Court that they have reached mutually acceptable resolutions of their disputes and have executed settlement agreements memorializing such

resolutions. The settlement agreements were reached by each Plaintiff and his or her counsel and Defendant and Defendant's counsel.

7. The Parties hereby seek this Court's approval of the settlement agreements that they have entered into to resolve their disputes. The Parties further stipulate to the dismissal of Plaintiffs with prejudice, after the Court has reviewed and approved each of the settlement agreements executed by the Parties.

## II.   ARGUMENT

Based on case precedent in other circuits, claims for unpaid wages and other damages arising under the FLSA may only be settled or compromised with the approval of a court or the Secretary of Labor. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *cf. Sarceno v. Choi*, No. 13-1271(BAH), 2015 U.S. Dist. LEXIS 9979, at *7 (D.D.C. Jan. 29, 2015) (noting that the D.C. Circuit has not opined about whether judicial approval is required of FLSA settlements but nevertheless engages in the approval analysis); *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 129 (D.D.C. 2014) (same). Because Plaintiffs elected to litigate their FLSA claims against Defendant in the United States District Court for the District of Columbia, the Parties request that this Court approve their settlement, as set forth in the settlement agreements, as a fair and reasonable resolution of a *bona fide* dispute and that the Court dismiss all of the claims asserted by Plaintiffs against Defendant with prejudice.

As discussed above, the Parties dispute the existence and scope of potential liability in the instant action. Nonetheless, Plaintiffs agreed to settle all of their disputed claims and have each executed a Confidential Settlement Agreement and General Release ("Settlement Agreement").[2] The Parties agree that the settlement terms they reached represent a fair and

---

[2] The Settlement Agreement executed by each Plaintiff is the same except for the agreed upon settlement amount.

equitable resolution of their *bona fide* disputes.  Each Plaintiff is receiving a reasonable and satisfactory recovery of an agreed-upon sum, which includes payment of an agreed-upon amount of attorneys' fees and costs.  The terms of the Settlement Agreements are contingent upon approval by this Court.  Thus, the Parties respectfully request that this Court approve their settlement and issue an Order dismissing the claims of Plaintiffs with prejudice.

The Parties have agreed to keep the specific terms and conditions of the Settlement Agreements confidential.  Confidentiality of the settlement terms is particularly important to Defendant given that it is currently defending similar wage and hour claims brought by multiple plaintiffs in a lawsuit filed in federal district court in the Northern District of California.  To that end, the Parties will submit each Settlement Agreement to this Court, in its written form, for an *in camera* review, in order to protect the confidential nature of the settlement agreements.  By allowing an *in camera* review, the Court can consider the agreement and still protect the confidentiality for which the Parties bargained.  In the alternative, and upon the Court's request, the Parties will file each Settlement Agreement under seal if this Court prefers that approach as opposed to an *in camera* review.

### III.   CONCLUSION

WHEREFORE, the Parties respectfully request that this Court review the Settlement Agreements in a manner that protects their confidential nature, and then enter an order approving the terms of each settlement and dismissing the claims of Plaintiffs with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Gregg C. Greenberg* | */s/ Matthew T. Deffebach* |
| Gregg C. Greenberg | Matthew T. Deffebach |
| D.C. Federal Bar No. MD17291 | Texas State Bar No. 24012516 |
| ggreenberg@zagfirm.com | matthew.deffebach@haynesboone.com |
| ZIPIN, AMSTER & GREENBERG, LLC | HAYNES AND BOONE, LLP |

836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Telecopier: (301) 587-9397

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:

Todd Slobin (To Move Pro Hac Vice)
Texas State Bar No. 24002953
tslobin@eeoc.net
Daryl J. Sinkule (To Move Pro Hac Vice)
Texas State Bar No. 24037502
dsinkule@eeoc.net
Sidd Rao (To Move Pro Hac Vice)
Texas State Bar No. 24065947
srao@eeoc.net
Dorian Vandenberg-Rodes (To Move Pro Hac Vice)
Texas State Bar No. 24088573
drodes@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Telecopier: (713) 621-0993

1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2064
Telecopier: (713) 236-5631
*Admitted Pro Hac Vice*

ATTORNEY-IN-CHARGE FOR
DEFENDANT

OF COUNSEL FOR DEFENDANT:

*/s/ Jeffrey A. Wolfson*
Jeffrey A. Wolfson
D.D.C. Bar No. 451084
jeff.wolfson@haynesboone.com
HAYNES AND BOONE, LLP
800 17th Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 654-4565
Facsimile: (202) 654-4268

Meghaan C. McElroy
Texas State Bar No. 24070241
meghaan.mcelroy@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2082
Telecopier: (713) 236-5513
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 3, 2015, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send email notifications of such filings to counsel of record. This document and its attachment are available for viewing and downloading on the CM/ECF system.

                    */s/ Jeffrey A. Wolfson*
                    Jeffrey A. Wolfson